```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

DAVID CHUTE, et al.,            )
                                )
     Plaintiffs,                )
                                )
          v.                    )    NO. 3:12-0607
                                )
JEREME ODOM, et al.,            )    Judge Trauger/Bryant
                                )
     Defendants.                )

## MEMORANDUM AND ORDER

Plaintiffs Chute, who are proceeding pro se, have filed their second motion to grant a temporary restraining order (Docket Entry No. 89). By this motion, plaintiffs seek an order prohibiting defendants Odom and Taylor, who are officers of the Tennessee Wildlife Resources Agency ("TWRA"), to remain at least 600 yards away from plaintiffs at all times, including times when plaintiffs are present on certain wildlife management areas, parks, and wildlife refuges managed by the TWRA. In support of this motion, plaintiffs have filed their own affidavits and a copy of an affidavit of defendant Odom (Docket Entry Nos. 89-1, -2 and -3). Defendants have filed no response in opposition.

For the reasons stated below, the undersigned Magistrate Judge finds that plaintiffs' second motion for temporary restraining order should be DENIED.

## Analysis

Rule 65(b) of the Federal Rules of Civil Procedure provides that the court may issue a temporary restraining order only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in

opposition. It is the plaintiff's burden to prove that he is entitled to a temporary restraining order. Helling v. McKinney, 509 U.S. 25, 35 (1993). The Sixth Circuit has identified four factors to be considered when ruling on a motion for preliminary relief: (1) whether the plaintiff is likely to succeed on the merits; (2) whether the plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injury will cause substantial harm to others; and (4) whether the injunction would serve the public interest. Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 573 (6th Cir. 2002) (citing Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000)). A preliminary injunction, like a temporary restraining order, is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. Leary, 228 F.3d at 739.

In support of their motion, plaintiffs Chute have filed their affidavits (Docket Entry Nos. 89-1 and -2). These affidavits, which are very similar, contain numerous conclusory statements but scant facts. For example, both affidavits state that defendant Odom "has acted so as to interfere with my everyday activities," "has constantly presented situations in which I sensed serious danger," "continues to harass me through different means," "stalks me," "has made my life impossible to enjoy my first amendment freedoms," "has intimidated me and caused the loss of my civil rights," and "has created a sense of extreme fear." Despite these numerous subjective and conclusory statements, defendants describe only a single incident that occurred at the Shelton Ferry Wildlife Management Area on Memorial Day, presumably in 2012. On this

2

occasion, according to plaintiffs' affidavits, defendant Odom never approached plaintiffs more closely than 75 yards and, at least insofar as the affidavits state, never spoke to plaintiffs nor threatened them in any way. Moreover, although the affidavits fail to state explicitly, it seems likely that defendant Odom was present at the Shelton Ferry Wildlife Management Area in the course and scope of his duties as an officer of the TWRA.

From a review of affidavits submitted in support of plaintiffs motion, the undersigned finds that plaintiffs have failed to demonstrate the likelihood of success on the merits, that they will likely suffer irreparable injury in the absence of extraordinary relief, or that the injunction would serve the public interest. Moreover, to the extent that plaintiffs' requested temporary restraining order, if granted, would prohibit defendant Odom from approaching within 600 yards of plaintiffs, the undersigned finds that such a restriction would unduly impair defendant Odom's ability to carry out his duties as a TWRA officer if such restriction were extended to state properties to which he has been assigned.

For the foregoing reasons, the undersigned finds that plaintiffs' second motion for temporary restraining order (Docket Entry No. 89) should be DENIED.

It is so **ORDERED**.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge