IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID EDWARD CHUTE and ) <br> KATHLEEN PATRICIA CHUTE ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JEREME ODOM, CAPE TAYLOR, TIM ) <br> CLEVELAND, STEVE PATRICK, ED ) <br> CARTER, JOHN DOE, COUNTY OF ) <br> MONTGOMERY, CITY OF CLARKSVILLE, ) <br> and STATE OF TENNESSEE, ) <br> ) <br> Defendants, ) | Case No. 3:12-0607 <br> Judge Trauger/Bryant |

TO: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This matter is on referral to the undersigned for, inter alia, pretrial management of the case, including recommendation for ruling on any dispositive motions (Docket Entry No. 15). Defendants City of Clarksville ("Clarksville") and County of Montgomery ("Montgomery County") have each filed motions to dismiss Plaintiff's Amended Complaint (Docket Entry No. 116, 119). For the reasons stated below, the undersigned Magistrate Judge recommends that these motions be GRANTED.

## Statement of the Case

On June 13, 2012, proceeding *pro se*, Plaintiffs David Chute and Kathleen Chute filed a complaint against Defendants alleging violations of their Constitutional rights and various statutes, along with numerous tort claims (Docket Entry No. 1). Plaintiffs filed an amended

1

complaint on November 5, 2012 (Docket Entry No. 106). Defendant Montgomery filed a motion to dismiss the amended complaint on January 9, 2013 (Docket Entry No. 116). Defendant Clarksville filed a motion to dismiss the amended complaint on January 11, 2013 (Docket Entry No. 119). Plaintiffs filed a response in opposition to each of these motions on January 17 and 21, 2013 (Docket Entry No. 122, 123).

## **Statement of the Facts**

The following facts, contained in Plaintiffs' amended complaint, are presumed to be true for the purposes of ruling on Defendants' motions to dismiss.

On March 12, 2011, Plaintiffs went to Shelton Ferry Wildlife Management Area ("WMA") early in the morning "to enjoy wildlife" (Docket Entry No. 106, p.8). An hour after arriving, Plaintiffs heard sirens and discovered they were heading for the Cumberland River lock (*Id.* at 9). Plaintiffs drove to the lock and encountered volunteer firefighters, a sheriff and members of Montgomery County EMS, including "John Doe," who all were awaiting the arrival of a gunshot victim on a barge (*Id.* at 9–10). As the barge docked and the emergency personnel removed the victim, Plaintiff Kathleen Chute took photographs of what was transpiring (*Id.* at 10). "John Doe" told Ms. Chute to stop taking photographs and then told her to delete the ones she had taken (*Id.* at 11). Ms. Chute responded that she was "well within [her] rights" (*Id.*). After Plaintiffs returned to their vehicle, Defendant Jerome Odom, an officer with the Tennessee Wildlife Resources Agency, asked to be shown each photo Ms. Chute had taken and watched as Ms. Chute deleted them (*Id.* at 11–12).

After the photography incident, Mr. Odom received a temporary restraining order against Plaintiffs from Montgomery County General Sessions Court Judge Raymond Grimes (*Id.* at 56). Plaintiffs claim a subsequent permanent injunction Mr. Odom received against them is "overly

2

broad" and "unquestionably unconstitutional" (*Id.* at 63). Plaintiffs allege they were denied a restraining order by two deputy clerks for not having an attorney (*Id.*). Plaintiffs also allege the clerks did not provide proper assistance when the clerks failed to request the appropriate payments for the Plaintiffs to appeal their case (*Id.* at 91). In early 2012, Plaintiffs complained about the photography incident and alleged harassment by Mr. Odom to the Montgomery County Sheriff's Office (*Id.* at 8). Plaintiffs allege Corporal Robert Boone "intentionally misspelled" Mr. Odom's name and changed the information they reported to Corporal Boone (*Id.* at 8).

On June 13, 2012, Plaintiffs filed the present action (Docket Entry No. 1). Plaintiffs allege violations of the First, Fourth, Fifth and Fourteenth Amendments; violations of 42 U.S.C. §§ 1983, 1988, 18 U.S.C. §§ 241–242, 245, 1512, 28 U.S.C. § 453 (Docket Entry No. 106). Plaintiffs also allege liability under the Tennessee Governmental Tort Liability Act and various common law torts (*Id.* at 1–2).

Regarding the photography incident, Plaintiffs allege Montgomery County failed "to properly train and supervise the individuals in the Montgomery County Emergency Service (EMS)," which led to violations of Plaintiffs' Constitutional rights, and that Montgomery County failed to "establish policies, procedures, practices and customs regarding the first amendment rights [sic] due to the Plaintiffs that resulted in the an [sic] avalanche of events that were a direct result of the history of this claim" (*Id.* at 2–3). Plaintiffs also allege Montgomery County should be held liable for Corporal Boone's actions regarding the "falsified" police report (*Id.* at 7).

Regarding the denial of their restraining order, Plaintiffs allege Montgomery County and Clarksville failed to adequately supervise and "maintain properly trained personal [sic] within its judicial system" (*Id.* at 3). Plaintiffs also claim Montgomery County General Sessions Court Judge Raymond Grimes should have recused himself and should not have granted a temporary

3

injunction against Plaintiffs (*Id.* at 56–57). Plaintiffs maintain the permanent injunction is unconstitutional (*Id.* at 63).

## **Standard of Review**

"A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). To survive a motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff must allege facts which, if true, are sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," to meet this burden. *Twombly*, 550 U.S. at 555.

Upon review of a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The complaint of a plaintiff proceeding *pro se* must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "basic pleading essentials" still must be met. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## Analysis

### A. Statute of Limitations

Defendants have raised the defense that a majority of Plaintiffs claims against Clarksville and Montgomery County are barred by the statute of limitations. Because a one year limit applies to Plaintiffs' federal claims under § 42 U.S.C. 1983, any such claims arising out of the photography incident are barred by the statute of limitations.

To state a claim under § 1983, the plaintiff must establish: (1) that he was deprived of a right secured by the Constitution or the laws of the United States, and (2) that the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Because § 1983 does not contain its own statute of limitations, the Court looks to analogous state law to supply the appropriate limitations period. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Under Tennessee law, the limitations period for § 1983 claims is one year. *Id.* (citing TENN. CODE ANN. § 28–3–104(a)(3)).

Federal law determines when the limitations period for § 1983 claims begins to run. *Roberson*, 399 F.3d at 794. "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). In practice, courts typically look "to what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000)).

Here, Plaintiff Kathleen Chute repeatedly stated that she was "well within [her] rights" during the photography incident on March 12, 2011 (Docket Entry No. 106, p.11). This shows that Plaintiffs knew of the injury that forms the basis of their § 1983 claim on March 12, 2011.

Plaintiffs did not file the instant action until June 13, 2012, three months after the limitations period had expired. Therefore, any claims regarding the photography incident arising under § 1983 are time-barred and should be dismissed.[1]

   **B. Failure to State a Federal Claim**

Plaintiffs' claims under 18 U.S.C. §§ 241, 242, 245, 1512; 28 U.S.C. § 453; and 42 U.S.C. § 1988 fail to state a claim because none of these statutes provide Plaintiffs with a cause of action. Federal statutes 18 U.S.C. §§ 241 and 242 provide no basis for civil liability. *See Mattheis v. Hoyt*, 136 F. Supp. 119, 122 (W.D. Mich. 1955). Nor does 18 U.S.C. § 245 provide a basis for civil liability. *Dodge v. Nakai*, 298 F. Supp. 17, 23 (D. Ariz. 1968). Because *pro se* litigants are not eligible for attorney's fees under 42 U.S.C. § 1988, the statute provides no basis for a claim here. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991). Federal statute 18 U.S.C. § 1512 does not provide a basis for civil liability. *Feldman v. Lawn Enforcement Assocs. Corp.*, 779 F. Supp. 2d 472, 498 (E.D.N.C. 2011). The oath set forth in 28 U.S.C. § 453 does not create a cause of action. *Lewis v. Green*, 629 F. Supp. 546, 554 n.14 (D.D.C. 1986). Therefore, all claims alleged under these statutes should be dismissed.

The majority of Plaintiffs' remaining allegations, in support of § 1983 claims that accrued after the photography incident occurred, fail to state a federal claim because they fail to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. Although Plaintiffs allege all

---

[1] This includes any claims against the unidentified "John Doe" defendant. Even if Plaintiffs were to become aware of the identity of "John Doe," they would be unable to relate back the claim against him under Federal Rule of Civil Procedure 15(c)(1), so as to meet the requirements of Rule 4(m) and the statute of limitations. *See Smith v. City of Akron*, 476 Fed. Appx. 67, 69 (6th Cir. 2012) (holding that Rule 15 does not allow relation back when a plaintiff adds a previously unknown defendant in the place of a "John Doe.").

"Defendants" should be held liable for almost every cause of action, this is insufficient to maintain claims against Defendants Clarksville and Montgomery County in the absence of more specific allegations. Therefore, any claims against Defendants Clarksville and Montgomery County made without specific allegations should be dismissed. To wit, Plaintiffs' vague allegation that Clarksville should be held liable under § 1983 because the city "has adopted policies, procedures, practices and customs within the judicial system" that caused false imprisonment, civil conspiracy and "excessive abuse of powers," is insufficient to state a claim (*See* Docket Entry No. 106, p.80–81).

Moreover, section 1983 does not support claims against entities based upon a *respondeat superior* theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). To state a claim under § 1983 against an entity, the plaintiff must establish that the entity, acting under color of state law, engaged in "*deliberate* action" that is "the 'moving force' behind the plaintiff's deprivation of federal rights." *Bryan Cnty. Bd. Of Comm'rs v. Brown*, 520 U.S. 397, 400 (1997) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). To hold a municipal entity liable, the plaintiff must identify a policy or custom and link it to the plaintiff's constitutional deprivation. *See id.* at 403. However, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*," unless that proof implicates a municipal policy. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–824 (1985).

Although Plaintiffs allege Clarksville has policies which resulted in a deprivation of their Constitutional rights, Plaintiffs do not actually identify any policy or procedure held by the City of Clarksville. Nor have Plaintiffs alleged any facts sufficient to infer Clarksville has an unconstitutional policy. To the extent Plaintiffs' claims against Clarksville could be based upon inferences from the actions of Mr. Odom, employees of the Montgomery County Sheriff's

7

Department, or the employees and judges of the Montgomery County General Sessions Court, those claims fail because Plaintiffs have not even alleged any of those individuals are employed by the City of Clarksville. Therefore, Plaintiffs' § 1983 claims against the City of Clarksville should be dismissed.

To the extent Plaintiffs seek to hold Montgomery County liable under § 1983 for the actions of Corporal Boone for misspelling Mr. Odom's name on a police report, they fail to state a claim. Plaintiffs have not identified any policy of Montgomery County which led to the misspelling. And, the misspelling of Mr. Odom's name is insufficient to implicate an unconstitutional policy because Plaintiffs' allegation fails to identify what constitutional right was violated and provides no basis for an inference of a policy beyond a mere recitation of the elements of the claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim).

Furthermore, Plaintiffs do not state a § 1983 claim against Montgomery County for the conduct of two court clerks who allegedly refused to grant them a restraining order because of their pro se status, instead offering only an order of protection, in violation of Plaintiffs' "basic fundamental rights." (Docket Entry No. 106 at ¶ 123) Although this alleged restriction was, according to the amended complaint, in place "[d]ue to governmental policies, procedures, and customs," this allegation is entirely conclusory, being based on nothing more than a single interaction with "two untrained courthouse deputy clerks[.]" *Id*. Accordingly, this allegation fails to state a § 1983 claim against Montgomery County.

In sum, the allegations against the City of Clarksville and Montgomery County are insufficient to state a viable, timely claim under federal law against either defendant.

8

**c. State Law Claims**

The remainder of Plaintiffs' complaint against these municipal defendants alleges claims under state law, pursuant to either the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101 through -408 (Counts V through XV), or the common law of Tennessee (Counts XVI and XVII). These pendent state law claims are not within this Court's original jurisdiction, but are supplemental to the federal question claims dealt with above. Title 28, section 1367 of the United States Code provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This statute codified the principles set forth in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966), wherein the Supreme Court held that jurisdiction over a pendent state law claim is proper only when that claim and the federal claim(s) over which the court has original jurisdiction "derive from a common nucleus of operative fact," and are so closely related that the plaintiff "would ordinarily be expected to try all of them in one judicial proceeding." Gibbs, 383 U.S. at 725. However, even in the presence of such a close relationship, § 1367 goes on to allow that the exercise of supplemental jurisdiction is a matter of the court's discretion, as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

> Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."

City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

"After a 12(b)(6) dismissal [of all claims under the court's original jurisdiction], there is a strong presumption in favor of dismissing supplemental claims." Musson Theatrical, Inc. v. Fed. Exp. Corp., 89 F.3d 1244, 1255 (6th Cir. 1996) amended on denial of reh'g, 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998). Furthermore, both this Court and the Sixth Circuit have repeatedly held that the Tennessee legislature's "unequivocal preference" that GTLA claims be adjudicated in the circuit courts of the state is an exceptional circumstance justifying the district court's decision to decline supplemental jurisdiction over such claims, pursuant to § 1367(c)(4). E.g., Gregory v. Shelby Co., Tenn., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001), as stated in DiLaura v. Twp. of Ann Arbor, 471 F.3d 666, 671 n.2 (6th Cir. 2006); Bluedorn v. Wojnarek, 2008 WL 4791540, at *12 (M.D. Tenn. Oct. 29, 2008) (citing cases).

In light of this authority, the undersigned concludes that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, and dismiss them without prejudice.

**Recommendation**

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to dismiss filed on behalf of Defendant City of Clarksville and the motion to dismiss on behalf of Defendant Montgomery County be GRANTED. The federal claims against both defendants should be dismissed with prejudice, and the state claims against both should be dismissed without prejudice to being re-filed in state court.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 28th day of August, 2013.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge