# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID EDWARD CHUTE and ) | |
| KATHLEEN PATRICIA CHUTE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:12-cv-0607 |
| v. ) | Judge Aleta A. Trauger |
| ) | Magistrate Judge Bryant |
| JEROME ODOM, CAPE TAYLOR, TIM ) | |
| CLEVELAND, STEVE PATRICK, ED ) | |
| CARTER, JOHN DOE, COUNTY OF ) | |
| MONTGOMERY, CITY OF ) | |
| CLARKSVILLE, and STATE OF ) | |
| TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

Pending before the court are (1) the Magistrate Judge's August 28, 2013 Report & Recommendation (Docket No. 129) concerning the Motion to Dismiss filed by defendants State of Tennessee, Jerome Odom, Cape Taylor, Tim Cleveland, Steve Patrick, and Ed Carter (Docket No. 107) and (2) the Magistrate Judge's August 28, 2013 Report & Recommendation (Docket No. 130) concerning the Motions to Dismiss filed by defendants County of Montgomery (Docket No. 116) and City of Clarksville (Docket No. 119) (collectively, the "R&Rs"). The Magistrate Judge recommends that the motions be granted, that the federal claims be dismissed with prejudice, that the court decline to exercise supplemental jurisdiction over the state law claims, and that the state law claims be dismissed without prejudice. The plaintiffs, David Chute and Kathleen Chute, have filed combined Objections to both R&Rs (Docket No. 133), in support of which they have filed a substantial volume of materials outside the pleadings (*see* Docket Nos.

1

133-141).[1]

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient, and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). However, issues are not waived if the magistrate judge fails to warn the party of the potential waiver. *See Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999).

Here, the plaintiffs generally argue that the Magistrate Judge should have considered matters outside the First Amended Complaint in reaching a decision. That position is without merit, because the Magistrate Judge appropriately restricted his analysis to the allegations set forth in the First Amended Complaint and certain judicial materials over which the Magistrate Judge appropriately took notice, including the July 24, 2012 judgment of the Montgomery County General Sessions Court (Docket No. 56, Attachment No. 1). *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88-89 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). The plaintiffs also argue that this court should, in its review, consider additional evidentiary materials outside the First Amended Complaint that were not presented to the

---

[1]The documents filed at Docket Nos. 137-41 appear to attach duplicates of the documents attached to Docket Nos. 133-136.

Magistrate Judge and/or (in some cases) that were generated after the R&R's were entered.[2]

Again, under Rule 12(b)(6), the court is required to rule on the sufficiency of the allegations in the First Amended Complaint without reference to evidentiary materials outside the pleadings. *Weiner*, 108 F.3d at 88-89. Therefore, the court will not consider objections premised on evidentiary materials outside of the pleadings.[3]

The plaintiffs' remaining objections are non-specific and, therefore, are waived. To the extent the plaintiffs continue to argue about the merits of adverse decisions by the Tennessee state courts and/or to impugn the integrity of the Tennessee court system and particular actors within it (*see, e.g.*, Docket No. 133 at pp. 16 ("[T]he State of Tennessee [i]s number 1 in the country for judicial corruption"), 3 ("Plaintiffs were abused in a court of law for all observers to see and laugh about") and 4 ("[T]he TWRA officials and all attorneys present should be disbarred for failing their oath of office and allowing the injustices to take place as they did."), those generalized complaints are not well-taken and, as to the plaintiffs' specific grievances, concern issues properly reserved for the Tennessee state courts to resolve.[4]

---

[2] For example, the plaintiffs have filed an Affidavit from Alice M. Jackson, a treating nurse for Ms. Chute, dated September 12, 2013 – approximately two weeks after the Magistrate Judge issued the R&Rs.

[3] Furthermore, notwithstanding the volume of materials filed in support of the Objections, the plaintiffs for the most part have not explained the relationship between those materials and their arguments concerning the R&Rs.

[4] Even if the court were to address the merits of the plaintiffs' due process claim (Claim 1(b)), the court would agree with the Magistrate Judge that the plaintiffs have not demonstrated a denial of constitutional due process in the Tennessee court system. Indeed, the materials filed in support of the plaintiffs' Objections actually reinforce the Magistrate Judge's conclusions. For example, the plaintiffs have attached a transcript of their July 24, 2012 hearing before a Tennessee General Sessions judge, in which they were afforded the opportunity to present evidence and make arguments concerning the claims at issue in that case.

On a final note, the plaintiffs are once again strongly advised to retain counsel or, at a minimum, to consult with an attorney about the propriety of continuing their crusade against Odom and other officials simultaneously in state and federal court. As the Tennessee state court judgment against the plaintiffs indicates, if the plaintiffs continue to press their (perceived) grievances, they may suffer adverse consequences beyond simply incurring filing fees and spending time and effort prosecuting their lawsuits or defending themselves.

Accordingly, for the reasons stated herein, the plaintiffs' Objections are **OVERRULED** and the Magistrate Judge's R&Rs (Docket Nos. 129 and 130) are **ACCEPTED** and made the findings of fact and conclusions of law of this court. The Motions to Dismiss (Docket Nos. 107, 116, and 119) are **GRANTED**. As a housekeeping matter, the plaintiffs' Motion to Ascertain Status (Docket No. 128) is **DENIED AS MOOT**. The plaintiffs' federal claims are hereby **DISMISSED WITH PREJUDICE**. The court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims, which are hereby **DISMISSED WITHOUT PREJUDICE**. Entry of this Memorandum and Order shall constitute judgment in the case.

It is so **ORDERED**.

Enter this 24th day of September 2013.

_____
ALETA A. TRAUGER
United States District Judge